JOHN T. COUGHLIN, Secretary Department of Industry, Labor andHuman Relations
On behalf of the Wisconsin Department of Industry, Labor and Human Relations (hereinafter "DILHR"), General Counsel Howard Bernstein has requested an opinion as to whether DILHR had statutory authority to adopt an emergency rule, namely, Wis. Admin. Code § ILHR 83.08 (1) subsection (b). It reads:
 The department may delegate to a county the review of plans for the installation of mound systems and pressure distribution systems serving one and 2 family dwellings. The delegation to review plans to these types of systems shall be upon the request of the county and shall be contingent upon an evaluation of the county's private sewage program and personnel by the department.
Mr. Bernstein indicates that DILHR believes "specific authority" for the adoption of such rule is found in subsection (a) of section 145.20 (3), Stats.
Mr. Bernstein states that the Joint Committee for the Review of Administrative Rules, on July 23, 1987, "voted to suspend sec. ILHR 83.08 (1)(b) on the basis of lack of statutory authority"; but he further advises me that "[t]he JCRAR motion also specified that the committee will rescind the suspension if the Attorney General is of the opinion that statutory authority exists."
It is my opinion that statutory authority for the adoption of the rule in question did not exist at the time of its recent adoption, and does not now exist, under section 145.20 (3)(a) or any other statute.
It is well established that administrative officers and bodies "in the absence of statute or organic act permitting it, . . . cannot delegate powers and functions which are discretionary or quasi-judicial in character, or which require the exercise of judgment." 73 C.J.S. Public Administrative Law and Procedure
§ 56 (a) (1983). See also, Bunger v. Iowa High School AthleticAssociation, *Page 283 197 N.W.2d 555, 560 (Iowa 1972); State Tax Commission of Utah v. Katsis,62 P.2d 120, 122-23, 90 Utah 406 (1936); Anderson v. Grand River DamAuthority, 446 P.2d 814, 818 (Okla. 1968). While no reported Wisconsin case has expressly recognized the validity of this principle of law, I believe it would find acceptance in the courts of this state, particularly since we have found no reported case, state or federal, that has dissented from such principle.
In my judgment, it is obvious that the administrative power in question, namely, "the review of plans for the installation of mound systems and pressure distribution systems serving one and 2 family dwellings," is a power which clearly requires the exercise of judgment; and under the above principle of law, it is therefore plainly a power which could be lawfully delegated only pursuant to statutory authority for such delegation.
Subsection (a) of section 145.20 (3), which you indicate DILHR views as the authority for the delegation of such power by DILHR, reads:
 The department [DILHR] may specify categories of private sewage systems for which approval by the department is required prior to issuance of sanitary permits by the governmental unit responsible for the regulation of private sewage systems.
(Emphasis and bracketed material supplied.)
In my opinion, the language of this statute is pellucid: it gives DILHR an express power to "specify" categories of private sewage systems for which approval by DILHR is "required," prior to the issuance of sanitary permits by the governmental unit responsible for the regulation of private sewage systems. But such statute clearly gives DILHR no power to delegate to the county the review of plans for the installation of private sewage systems.
In arriving at such opinion, I have considered a DILHR intradepartmental memorandum which expresses the view that "ILHR 83.08 (1)(b) simply creates a new category based on countydelegation" (emphasis supplied). I believe it highly questionable that section 145.20 (3) authorizes DILHR to specify categories of private sewage systems for which approval by DILHR is not required, though the power to specify "categories of private sewage systems for which approval by the department is required" (emphasis supplied) may imply categories wherein DILHR approval is not required. Be that as it may, "a new category based on county delegation" *Page 284 
is manifestly an unlawful category, absent statutory authorization for the delegation on which it is based; and since section 145.20 (3)(a) provides no such delegation authorization, it clearly cannot be viewed as authority for the DILHR rule in question.
Your opinion-request letter also refers to DILHR being given "broad rulemaking powers over plumbing by secs. 145.02 (2) and145.13, Stats.," with perhaps an intimation that the power in DILHR to make the power-delegation in question might be encompassed by such powers. While your estimate of such rulemaking powers as "broad" is sound, it is my opinion that neither expressly nor by implication do such powers encompass a power in DILHR to delegate to a county the administrative power here in question. Nor do I find such power of delegation conferred on DILHR by any other statute.
The opinion-request letter also states:
 I have learned since the JCRAR hearing that a rule very similar to sec. ILHR 83.08 (1)(b) has been in the plumbing code for some time. Section ILHR 83.08 (1)(d) [correctly, sec. ILHR 83.08 (2)(d)] provides:
 "The department may designate counties as agents for the review of plans and specifications for private sewage systems serving public buildings. All requests for variances to the code or experimental or alternative private sewage system designs shall be submitted to the department for review."
 DILHR has designated seven counties as agents under this rule (Columbia, Dane, Eau Claire, Monroe, Pierce, Sheboygan and Waukesha). The rule goes back at least as far as 1976, when it was numbered sec. H 62.25 (2)(d). It appears that the existence of this rule before the enactment of sec. 145.20 (3)(a), Stats., by chapter 34, Laws of 1979, should have some bearing on the issue of statutory authority.
(Bracketed material and emphasis supplied.)
No authorizing statute for the delegation effected by Wis. Admin. Code § ILHR 83.08 (2)(d) is cited, and I find none in chapter 145; but I render no opinion on the validity of such delegation, as none has been requested. Let me add, however, that if such validity were to be assumed, that would hardly support a claim of validity *Page 285 
for the delegation of DILHR power effected by Wis. Admin. Code § ILHR 83.08 (1)(b), because the validity of the latter delegation stands or falls on whether there is statutory authorization for it. In other words, the mere existence of Wis. Admin. Code § ILHR 83.08 (1)(d) since 1976 does nothing whatsoever to establish the existence of statutory authorization for the delegation of DILHR power effected by Wis. Admin. Code § ILHR 83.08 (1)(b) in 1987.
Finally, I direct your attention to subsection (a) of section227.11 (2), which reads: "Each agency may promulgate rules interpreting the provisions of any statute enforced or administered by it, if the agency considers it necessary to effectuate the purpose of the statute, but a rule is not valid ifit exceeds the bounds of correct interpretation" (emphasis supplied). If § ILHR 83.08 (1)(b) may correctly be viewed as an "interpretation" of section 145.20 (3)(a), then it is my opinion that such rule "exceeds the bounds of correct interpretation" of such statute, by interpreting the statute as authorizing the delegation by DILHR of one of its discretionary or quasi-judicial powers.
DJH:JHM *Page 286